UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIBERTY MUTUAL INSURANCE COMPANY and
LIBERTY MUTUAL GROUP INC.,

Plaintiffs,

v.

MICHELLE WORDEN and
BORRELLI PARTNERS INSURANCE AGENCY, LLC

Defendants.

Case No. 7:17-cv-08602-NSR

**AMENDED CONFIDENTIALITY AGREEMENT/ORDER**

The Court finds that Plaintiffs Liberty Mutual Insurance Company and Liberty Mutual Insurance Group Inc. and Defendants Michelle Worden and Borrelli Partners Insurance Agency, LLC (individually "Party" and collectively "Parties"), the parties to the above-captioned action (the "District Court Action") require this Amended Confidentiality Agreement/Order governing the production, dissemination, and use in the course of the Action, and the related bankruptcy court action filed in the United States Bankruptcy Court for the Southern District of New York as Case No. 19-36340-CGM ("Bankruptcy Action")(collectively with the District Court Action, "Actions"), of documents, data, testimony or other information or materials that any of them regards as confidential, proprietary or commercially sensitive.

1. If a Party, or a third-party, believes that any document, data, testimony, or other information or material, or any portion thereof, that will be produced or disclosed by that Party or a third party in discovery in the Actions contain: (a) sensitive business information, trade secrets, proprietary data or commercial or personal information, or (b) information that is subject

to a non-disclosure or confidentiality agreement with a third party, the Party, or third party, may designate such materials as "Confidential" (the "Confidential Materials") by stamping such materials with the legend "CONFIDENTIAL" or otherwise clearly identifying such materials to counsel in writing as Confidential, such as by cover letter. For the purposes of this Amended Confidentiality Agreement/Order, Confidential Materials shall include the documents, information and material designated as "Confidential" pursuant to this Paragraph, and any copies, portions, summaries, analyses or excerpts thereof.

2. A Party, or third party, may further designate certain Confidential Materials as "Attorneys Eyes Only" (which materials will be considered as a subset of Confidential Materials) by stamping such information or materials with the legend "ATTORNEYS EYES ONLY" or otherwise clearly identifying such materials to counsel in writing as Attorneys Eyes Only, such as by cover letter, if the Party, or third party, believes in good faith that such information is of such a heightened sensitive, commercial or competitive nature that such a designation is warranted. For the purposes of this Amended Confidentiality Agreement/Order, materials designated as Attorneys Eyes Only shall include the documents, information and material designated as "Attorneys Eyes Only" pursuant to this Paragraph, and any copies, portions, summaries, analyses or excerpts thereof.

3. Should any Party object to the classification of materials as Confidential Materials and/or Attorneys Eyes Only, and should the Parties be unable to resolve the objection informally, then the Party objecting to such classification may seek a ruling from the Court determining that the materials are not properly designated as Confidential Materials and/or Attorneys Eyes Only. Until and unless the Court rules to the contrary, all materials designated as Confidential

Materials and/or Attorneys Eyes Only shall be treated as prescribed in this Amended Confidentiality Agreement/Order for materials so designated.

4. No Party concedes that documents or information designated by any other Party, or third party, as Confidential Materials and/or Attorneys Eyes Only in fact contain or reflect confidential or proprietary information, or have been properly so designated. Subject to Section 3, a Party shall not be obligated to challenge the propriety of the designation of documents or information as Confidential Materials and/or Attorneys Eyes Only at the time made, and failure to do so shall not preclude a subsequent challenge thereof.

5. All Confidential Materials shall be used by any Party (and/or anyone else entitled to receive them pursuant to the terms of this Amended Confidentiality Agreement/Order) to whom they are disclosed and/or their attorneys solely for the purposes of preparing for and conducting the Actions and any and all related appeals, and shall not be used in any manner outside of the Actions or for any other purpose.

6. Confidential Materials, excluding materials designated as Attorneys Eyes Only (which are addressed in Section 7 below), shall not be disclosed in any manner to any person or entity except to:

   a. counsel of record and in-house counsel for any of the Parties to the Actions, including attorneys regularly employed or retained by such counsel and clerical, paralegal, and secretarial staff employed or retained by such counsel and who are assisting counsel in connection with the Actions;

   b. Parties to this Actions, including officers, directors, representatives or employees of a party who the Party in good faith determines need access in connection with assisting in the evaluation, prosecution or defense of the Actions, provided that such persons are first given a copy of this Amended Confidentiality Agreement/Order and execute the certificate in the form annexed hereto, which certificate shall be retained by counsel for such Party;

c. experts assisting any Party to this Actions in the evaluation, prosecution, or defense of the Actions, provided that such persons are first given a copy of this Amended Confidentiality Agreement/Order and execute the certificate in the form annexed hereto, which certificate shall be retained by counsel for such Party;

d. any witness or deponent called to give testimony in this Actions, provided that it appears that the witness or deponent authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information or if the producing party consents to such disclosure, and the witness or deponent shall not be provided a copy of the document, but rather may only be shown the document while providing testimony;

e. court reporters or stenographers employed in connection with the Actions;

f. the District Court and Bankruptcy Court and Court personnel (subject to Paragraph 9);

g. as required by federal, state, or other regulatory agencies; or

h. as otherwise agreed to in writing by the Parties, or as required by law.

7. Materials designated Attorneys Eyes Only shall not be disclosed in any manner to any person or entity other than as set forth in Section 6(a), (c), (e), (f), (g) and (h).

8. The foregoing shall be without prejudice to the right of the Parties hereto to object to the production of materials they consider not subject to discovery. The production, dissemination and use of Confidential Materials in the course of the Actions shall not waive any privilege or other objection to the use of such materials in the Actions.

9. Before filing or offering as exhibits any pleadings or other documents that contain Confidential Materials, the Parties shall confer and attempt to agree on redactions that would permit the filing or offering of the pleadings, exhibits, or other documents in open court. If the Parties are unable to agree on such redactions, the Party seeking to file or offer the documents shall move the Court in which the documents will be filed for an order permitting such pleadings or other documents to be filed or offered under seal. No pleadings or other documents that

contain Confidential Materials shall be filed or offered before the applicable Court's ruling on any such motion.

10. Within thirty (30) days after the termination of the Actions, including any and all related appeals, the Parties shall return all Confidential Materials, and all electronic and/or paper copies thereof, to the Party who produced such materials and/or (at the option of the producing Party) certify in writing that these materials have been destroyed, and such return or destruction shall include any Confidential Materials a Party shared with any person pursuant to Sections 6 or 7 hereof. However, counsel of record and/or in-house counsel, but not a Party, may retain copies of: (i) documents filed with a court; (ii) documents used as exhibits at any trial, hearing or deposition in connection with the Actions; (iii) transcripts of any hearing, deposition or trial in connection with the Actions; and (iv) attorney work product, whether or not such work product contains or references Confidential Materials. Should counsel keep such Confidential Materials they shall keep such Confidential Materials confidential and not otherwise release them or disseminate them.

11. Nothing contained herein shall prevent any Party from disclosing its own Confidential Materials (e.g. materials containing that Party's own sensitive business information, proprietary data or commercial or personal information) as it deems appropriate, and any disclosure or use by a Party of its own Confidential Materials shall not be a waiver of the provisions contained herein.

12. If Confidential Materials in the possession of a receiving Party are subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the Party to whom the subpoena is directed shall give written notice of the subpoena (including the delivery of a copy thereof) to the attorneys for the producing

Party at least five (5) business days before the time when production of the information is requested by the subpoena. In the event that the subpoena purports to require production of such Confidential Materials on less than five (5) business days' notice, the Party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena, and forthwith deliver a copy thereof by hand, facsimile or email, to the attorneys for the producing Party. Absent a court order to the contrary, the Party to whom the subpoena is directed may comply therewith; however, if application for a protective order is made promptly before the return date, the Party to whom the subpoena is directed shall not produce such Confidential Materials before receiving a court order or the consent of the producing Party.

13. In the event that Confidential Materials are disclosed to someone not authorized under the terms of this Amended Confidential Agreement/Order to receive such information, counsel of record for the Party involved with the disclosure shall, if and to the extent permitted by applicable rules of professional conduct and privilege, immediately inform counsel of record for the producing Party, describing the circumstances surrounding the unauthorized disclosure, and shall take reasonable steps to retrieve the Confidential Materials.

14. The inadvertent disclosure of any document that is subject to a legitimate claim that such document should have been withheld from disclosure on the basis of the attorney-client privilege, work product doctrine or any other privilege ("Protected Material") shall not waive any privilege or other applicable protection for such document or for the subject matter of the document if the producing Party, upon becoming aware of the disclosure, promptly requests the return of such document. Except in the event that the requesting Party disputes the claim of privilege or protection, any documents that the producing Party deems to contain inadvertently-disclosed Protected Material shall be, upon written request, promptly returned to the producing

Party or destroyed, at the producing Party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing Party requests destruction, the requesting Party shall provide written certification of compliance within ten (10) days of such written request. In the event that the requesting Party disputes the producing Party's claim as to the protected nature of the material or the claim that it was inadvertently disclosed, a single set of copies may be sequestered and retained by and under the control of requesting Party's counsel for the sole purpose of seeking a determination of the issue by the Court.

15. This Amended Confidentiality Agreement/Order may be modified only by written agreement signed by counsel for all Parties or upon Order of the Court. No term of this Amended Confidentiality Agreement/Order shall be waived except by means of a writing executed by the waiving Party.

16. The terms of this Amended Confidentiality Agreement/Order shall survive the termination of the Actions and continue in full force and effect.

SO ORDERED THIS 26 DAY OF Nov., 2019.

_____
JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY and LIBERTY MUTUAL GROUP INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICHELLE WORDEN and BORRELLI PARTNERS INSURANCE AGENCY, LLC <br><br> Defendants. | Case No. 7:17-cv-08602-NSR |

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT

The undersigned _____ (print or type name of person, firm, consultant or expert) hereby acknowledges that he or she received a copy of the Confidentiality Agreement in the above-captioned action, has read the Confidentiality Agreement, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction and venue of the United States District Court for the Southern District of New York for the purpose of enforcement of the terms of the Confidentiality Agreement and the punishment of violations thereof.

Dated: _____

_____
[Signature]

_____
[Address]

_____
[Phone Number]